UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER AMBROSE HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　Defendants. | Case No. 2:24-cv-01007-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Roger Hamilton's Complaint for Review of Final Decision of the Commissioner of Social Security (ECF No. 6), and his Brief in support thereof (ECF No. 15). Also pending is the Commissioner's Cross-Motion to Affirm. (ECF No. 17). The Court has reviewed all briefing related to these Motions and finds as follows.

**I.    Background**

Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits, and Supplemental Security Income ("SSI") benefits on April 29, 2021. AR 426. In his application, Plaintiff alleged that he became unable to work due to his disabling condition beginning on July 17, 2020. *Id.* Plaintiff's Disability Report indicated the following medical conditions: Blind or low vision, pulmonary sarcoidosis, diabetes, gastroesophageal reflux disease ("GERD"), high blood pressure, kidney disease, migraines, ("COPD"), asthma, and osteoarthritis. AR 446. Plaintiff's application was denied on March 3, 2022, and again upon redetermination on October 26, 2022. AR 301; 308. Plaintiff then filed a written request for a hearing before an Administrative Law Judge ("ALJ") on November 23, 2022, which took place on May 11, 2023. AR 73. On June 27, 2023, the ALJ returned a decision of not disabled. AR 68. Following a denial of review by the Appeals Council, Plaintiff filed the present civil action on May 29, 2024, challenging the ALJ's determination on grounds that the ALJ failed to articulate clear and convincing reasons for rejecting his testimony regarding his migraine symptoms and inability to handle stress.

II.  **Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

III.  **Discussion**

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

(a)  the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

(b)  the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098–99 (internal alterations omitted).

A. <u>Summary of ALJ's Findings</u>.

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since July 17, 2020, the alleged onset date of disability. AR 73. At step two, the ALJ found Plaintiff suffered from the following severe impairments: essential hypertension, type II diabetes mellitus with peripheral neuropathy and macular degeneration with correctable diminished visual acuity, obesity, COPD, migraines, low testosterone with fatigue, and degenerative changes of the lumbar spine with lumbago and sciatica. AR 73. Although the ALJ found the record also indicated mild cases of GRED, stage II chronic kidney disease, obstructive sleep apnea, and a recent Covid-19 infection, the ALJ found these to be non-severe impairments. AR 74. The ALJ made the same finding with regard to Plaintiff's medically determinable mental impairment of reactive depression. *Id.* At step three, the ALJ found that Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of any "listed" impairment in 20 C.F.R., Part 404, Subpart ("Subpt.") P, Appendix ("App.") 1. AR 75.

In preparation for step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) except he can: occasionally balance, stoop, kneel, crouch, and climb ramps and stairs; never crawl or climb ladders, ropes, or scaffolds; have no concentrated exposure to dust, fumes, gases, smoke, poor ventilation, vibration, or to hazards (e.g., heights, dangerous moving machinery); and, he is limited to work in an environment with a moderate noise level such as found in an office or retail setting due to migraine headaches.

AR 77. In reaching this determination, the ALJ considered Plaintiff's testimony regarding the severity of his symptoms, noting Plaintiff reported "trouble lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, remembering, and concentrating," and that he could no longer able to perform his previous work because of "limited breathing and physical pain." AR 78. However, the ALJ ultimately found that "the routine conservative treatment and recommendations in the MER suggest that the claimant's symptoms are not as limiting as alleged." *Id.*

At step four, the ALJ determined Plaintiff could "perform past relevant work as a game cashier (DOT #211.462-022), escort vehicle driver (DOT #919.663-022), and driver (DOT

#913.663-018)," and further found this work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." AR 82. Specifically, the ALJ determined Plaintiff was able to perform the physical and mental demands of work as a game cashier and escort vehicle driver both as actually and generally performed, and that Plaintiff was able to perform the work of a driver as generally performed. *Id.*

The ALJ concluded that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from July 17, 2020, through [June 30, 2023,] the date of this decision." AR 84. Therefore, the ALJ denied Plaintiff's applications for disability insurance benefits and supplemental security income, because the claimant was not disabled under sections 216(i) and 223(d) and section 1614(a)(3)(A), respectively, of the Social Security Act. *Id*.

B. The Parties' Arguments.

In his appeal, Plaintiff challenges only the ALJ's discounting of Plaintiff's subjective testimony regarding his migraines and ability to handle stress when determining his residual functional capacity.[1] Stipulating that the ALJ otherwise fairly and accurately summarized the medical and non-medical evidence of record, Plaintiff asserts that the ALJ did not state specific, clear, and convincing reasons for rejecting Plaintiff's subjective testimony regarding the severity of his migraines and difficulty handling stress. EFC No. 15 at 5. Plaintiff argues that the ALJ's recitation of Plaintiff's reported daily activities is insufficient to contradict his symptom testimony, asserting that the ALJ improperly relied on evidence of activities that do not contradict Plaintiff's testimony. *Id.* at 7 (citing *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)). Separately, Plaintiff argues the ALJ's characterization of Plaintiff's functional report is inaccurate because it fails to

---

[1] Plaintiff is somewhat inconsistent as to which symptom testimony he alleges was improperly discounted by the ALJ. Plaintiff titles the only subsection of the argument section of his brief as: "The ALJ failed to provide clear nor [sic] convincing reasons in rejecting Hamilton's concentration testimony." ECF No. 15 at 5. Yet, in the actual text of his argument Plaintiff contends only that the ALJ erred in discounting Plaintiff's migraine symptoms and difficulty dealing with stress. *Id*. at 5-11. The Court construes "concentration testimony" to be an umbrella term encompassing testimony relating to both symptoms identified. This construction is supported by Plaintiff's Reply in which he again alleges only that the ALJ "failed to address [Plaintiff's] inability to deal with stress and migraine symptom testimony," with no mention of concentration. ECF No. 18 at 5. If Plaintiff intends "concentration" to be a third category of symptom testimony the ALJ allegedly discounted improperly, he fails to make this argument in the body of his brief, and the Court need not consider arguments that were not raised. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address arguments not raised with specificity in briefing); *Renee D. v. Kijakazi*, No. 2:20-cv-00327-MKD, 2021 WL 4295749 (E.D. Wash. Sep. 21, 2021) ("[I]t is not this Court's role to distill potential arguments that could be made based on the record[.]").

acknowledge that Plaintiff's adult daughter helps him with certain physical activities, that certain physical activities take longer to complete than they used to, and that the games he now plays contrast with the "physical games" he used to play. ECF No. 15 at 8.

The Commissioner counters Plaintiff's arguments regarding migraines by noting the ALJ discussed the objective medical evidence that described Plaintiff's migraines in unremarkable terms and indicated they had improved with treatment, as well a treatment note that contradicted Plaintiff's testimony regarding frequency. ECF No. 17 at 7. With regard to Plaintiff's difficulty handling stress, the Commissioner argued that the ALJ properly discounted this testimony based on his reported activities and objective evidence that showed generally normal mental status and lack of mental health treatment. *Id.* at 6-7.[2]

C.  Analysis.

Under Ninth Circuit precedent, ALJs must assess the credibility of a claimant's testimony regarding the severity of their symptoms using a two-step process. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (superseded, in part, on other grounds by 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which would reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once this first step is met, and provided there is no evidence of malingering, the ALJ can reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Under this standard, an ALJ cannot reject a claimant's subjective testimony regarding their symptoms solely based on lack of medical evidence corroborating every alleged symptom. *Smartt*, 53 F.4th at 494-95. ALJs are required to make specific findings to support a conclusion that a claimant's allegations of severity are not credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

---

[2] The Commissioner also dedicates much of his brief to arguing the ALJ gave clear and convincing reasons for discounting Plaintiff's testimony regarding concentration issues. ECF No. 17 at 2, 5-6. However, as discussed above, Plaintiff's brief presents no arguments regarding any supposed concentration symptoms other than in a single subheading that is not reflected in the text of the brief itself. Therefore, the Court does not address the Commissioner's arguments on this point.

Here, Plaintiff alleges the ALJ erred by rejecting Plaintiff's testimony as to the severity and limiting effects of his migraines and inability to deal with stress. ECF No. 15 at 10. The Court therefore limits its analysis to these two areas of testimony.

Beginning with Plaintiff's testimony regarding his migraine symptoms, Plaintiff's argument immediately runs into a hurdle in that the ALJ did not actually discount Plaintiff's testimony at all. As explained above, Ninth Circuit precedent allows claimants to challenge an ALJ's RFC determination when the ALJ discounts the claimant's subjective testimony regarding the severity, persistence, and limiting effect of their symptoms without providing clear and convincing reasons for doing so. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Here, the only testimony Plaintiff gave regarding the severity, persistence, or limiting effect of his migraines was that prior to treating them with medication he could only cope with a migraine by wearing earplugs and staying in a cool, dark room. AR 106. Now, however, Plaintiff explained, "he can function again" within an hour of taking his medication. *Id*. Separately, Plaintiff testified that he currently experiences migraines about four or five times a month. *Id.*

Plaintiff does not cite, and the Court cannot find, any reference or statement in the ALJ's decision that discredited Plaintiff's testimony regarding his migraines. Indeed, the ALJ did not have to do so because there was nothing to discount. A claimant challenging an ALJ's RFC determination most often does so because they have testified the symptoms arising from their severe impairments preclude them from maintaining substantial gainful employment. Here, in contrast, Plaintiff testified his migraines used to be debilitating but since beginning treatment only limit him for four or five hours per month. *Id.* The ALJ's decision did not, in fact or effect, suggest he found this testimony unworthy of credence. To the contrary, the Court notes the ALJ did take Plaintiff's migraines into account when determining his residual functional capacity. AR 77 ("[Plaintiff] is limited to an environment with a moderate noise level such as found in an office or retail setting due to migraine headaches."). The ALJ did not have to discredit any of Plaintiff's testimony regarding the severity of his migraines to arrive at this determination, because Plaintiff's testimony is not contrary to this finding. *See Jakobs v. Astrue*, No. EDCV 08-1024 JC, 2010 WL 3636236 (C.D. Cal. Sep. 15, 2010) (an ALJ is not required to address lay testimony that "simply corroborate[s] limitations the ALJ

already accounted for in his residual functional capacity findings.") (citing *Zerba v. Comm'r of SSA*, 279 Fed. Appx. 438, 440 (9th Cir. 2008).

Plaintiff's argument that the ALJ improperly discounted his testimony regarding his ability, or lack thereof, to handle stress fares no better. In his brief, Plaintiff asserts "[t]he ALJ erred in failing to state clear and convincing reasons … for the rejection of Hamilton's statements [regarding] his … ability to deal with stress." ECF No. 15 at 10. However, the Court finds Plaintiff offered no testimony regarding difficulty dealing with stress. Even Plaintiff's brief, at best, makes vague reference to stress and fails to tie this reference to an impairment or a symptom of an impairment. *See, i.e.*, ECF No. 15 at 7-8 ("The ALJ made no attempt to consider the testimony of … [Plaintiff's] bouts of dealing with stress[.]"). In the absence of any substantive testimony regarding the effects of stress on Plaintiff's ability to function, there was nothing for the ALJ to discount.[3]

Finally, if "difficulty dealing with stress" had been clearly presented in Plaintiff's testimony as a symptom resulting from his impairments—which it was not—the Court finds that so vague and general a symptom may be discounted without requiring clear and convincing reasons for doing so. *See McGrath v. Berryhill*, No. CV 17-1977-JP, 2018 WL 2094344 (C.D. Cal. May 4, 2018) ("An ALJ may also properly reject limitations that are 'too vague to be useful.'") (citing *King v. Comm'r of Soc. Sec. Admin.*, 475 F. App'x 209, 210 (9th Cir. 2012)). Here, again, at the risk of redundancy, the Court finds that Plaintiff never identified difficulty dealing with stress as a specific symptom of his impairments in either his hearing before the ALJ or his written testimony. The ALJ was not required to address testimony that was never made in considering Plaintiff's case.

With respect to Plaintiff's assertion that the ALJ failed to acknowledge portions of Plaintiff's written testimony indicating his daughter helps him with certain physical tasks and that certain physical tasks take him longer to complete, the Court need not consider this assertion because Plaintiff's appeal does not challenge any of the ALJ's conclusions regarding these physical limitations. *See generally*, ECF No. 15. Rather, Plaintiff argues the ALJ erred by discounting his

---

[3] Although Plaintiff's function report includes a statement that he "h[as] physical and mental problems when [he is] stressed," AR 484, nowhere in his written or oral testimony does he refer to difficulty dealing with stress as an independent symptom in and of itself. Rather, this statement suggests that stress is a trigger for the physical and mental limitations Plaintiff indicated elsewhere on his function report, which the ALJ fully considered in arriving at his RFC determination. AR 77-82.

testimony regarding his migraine symptoms and inability to deal with stress. *Id.* at 11. In his brief, Plaintiff does not argue that he requires his daughter's help to perform tasks due to his migraines, or that the light housework he performs takes him longer because of his migraines. Nor did Plaintiff indicate such in his functional report or oral testimony. *See generally*, AR 91-117, 478-493. If the portions of the record Plaintiff argues the ALJ failed to consider do not relate to the supposed symptoms and limitations which are the subject of this appeal, the ALJ committed no error by not addressing them. *See, e.g.*, *Blanco v. Kijakazi*, No. 1:21-cv-00028-JLT-GSA, 2023 WL 3775329 (E.D. Cal. June 1, 2023) (in an appeal that challenged an ALJ's discounting of plaintiff's cervical and lumbar spine symptoms, "[t]he discussion of an unrelated impairment, such as her knee is out of place, has no apparent relevance").

### IV.     Conclusion

Although Plaintiff challenges the decision below by asserting that the ALJ failed to give clear and convincing reasons for discrediting testimony regarding Plaintiff's migraines and ability to handle stress, the Court need not consider the reasons given by the ALJ to decide this appeal. That is because the Court finds that Plaintiff's testimony regarding the severity and frequency of his migraines was not discredited by the ALJ, and Plaintiff's difficulty dealing with stress, to the extent it can be considered an independent symptom of Plaintiff's impairments at all, was not presented as such in his testimony. Because Plaintiff has failed to establish that his symptom testimony was discredited by the ALJ, the Court affirms the decision of the ALJ and denies Plaintiff's appeal.

### V.      Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint seeking reversal of the ALJ's decision (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

Dated this 26th day of February, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

9